IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODNEY GREGG,

           Plaintiff,

v.                                                 Case No. 23-1031-JWB

DANIEL RODRIGUEZ, d/b/a
NON-STOP TRUCKING, et al.,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to remand. (Doc. 16.)[1] The motion has been fully briefed and is ripe for decision. (Docs. 19.) Plaintiff's motion to remand is GRANTED for the reasons stated herein.

**I.    Facts**

The facts addressed herein are taken from the amended petition.[2] (Doc. 11.) On December 15, 2021, there were multiple accidents on U160 in Grant County, Kansas. On that date, significant wind resulted in limited visibility. Plaintiff collided with a box truck driven by Thomas Peterson, who is now deceased. Peterson had been stopped in the eastbound lane of the highway. Plaintiff's disabled vehicle was then struck from behind by two different drivers. Plaintiff was then struck on the driver's side by Defendant Daniel Rodriguez who was driving a tractor-trailer. Plaintiff exited his vehicle and entered Rodriguez's tractor-trailer. Subsequently, Defendant Elizar

---

[1] Defendant Hannebaum Trucking, LLC has filed a motion to dismiss. (Doc. 14.) As a result of this court's ruling on the motion for remand, the court lacks jurisdiction to consider the motion and will leave the matter pending for ruling by the state court.
[2] Plaintiff titled the pleading an amended petition because the action was originally filed in state court. (Doc. 11 at 1, n.1.)

Degollado, who is deceased, came upon the scene in his tractor-trailer and collided into Rodriguez's tractor-trailer causing Plaintiff significant injuries. Degollado was doing business as Degollado Transport and had been hired by Defendants Hannebaum Trucking, LLC, and Hannebaum Grain Co., Inc., to pick up and deliver grain.

Plaintiff filed this action in the District Court of Grant County, Kansas, alleging several claims of negligence against multiple Defendants, all of whom are also Kansas citizens. (Doc. 1.) Plaintiff alleged in the initial state court petition that the Hannebaum Defendants were negligent in selecting Degollado to transport their load when they knew or should have known that the weather conditions were not safe and allowing Degollado to pick up the load in unsafe weather conditions. (Doc. 1-1 at 6.) Plaintiff has since amended his petition to include additional allegations of negligence which include an assertion that the Hannebaum Defendants were acting as motor carriers in that they exercised control over the load, they allowed the tractor-trailer to be overloaded, and they failed to comply with Kansas law and federal regulations regarding safe operations by motor carriers. (Doc. 11 at 10.) Further, Plaintiff has alleged that the goods were being transported in interstate commerce.

Hannebaum Trucking (referred to as "Defendant" or "Hannebaum Trucking" hereinafter) removed the action to this court alleging that removal is proper because Plaintiff's claims implicate the court's original jurisdiction in that they raise a federal question pursuant to 28 U.S.C. § 1331. (Doc. 1 at 3–4.) Essentially, Hannebaum Trucking asserts that Plaintiff's claims are completely preempted by 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1). (Doc. 1 at 4.) Plaintiff has now moved to remand this action to state court arguing that the claims are not completely preempted and that Hannebaum Trucking's defense of preemption does not allow removal. (Doc. 16.)

**II.      Standard**

Under 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Dutcher v. Matheson,* 733 F.3d 980, 985 (10th Cir. 2013). The party removing an action to federal court has the burden to establish that federal jurisdiction exists. *Id.*; *Christensen v. BNSF Ry. Co.*, 242 F. Supp. 3d 1186, 1189 (D. Kan. 2017). "Doubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999).

**III.     Analysis[3]**

A defendant may remove a state court action to federal court if the court has original jurisdiction over a plaintiff's claim.[4]  28 U.S.C. § 1441(a); 28 U.S.C. § 1367.  Defendant argues that this court has original jurisdiction over Plaintiff's negligence claim regarding Defendant's role as a broker.

Under § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the complaint and ignore potential defenses...." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *accord Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006).  Under this standard, "a suit arises under federal law 'only when the plaintiff's statement of his own cause of

---

[3] The analysis set forth herein is largely taken from a memorandum and order issued in a related case filed against Defendants and involving similar claims of negligence as a result of the accidents involving the Defendant drivers, *Peterson v. Rodriguez*, Case No. 23-1013, Doc. 59.  In both cases, the plaintiffs filed motions to remand.  Defendant Hannebaum's response briefs filed in both cases are essentially identical.

[4] Defendant does not argue that this court has original jurisdiction under § 1332 because the parties are not diverse.

3

action shows that it is based' on federal law." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (citation omitted).  This rule "makes the plaintiff the master of the claim" and, "by omitting federal claims," Plaintiff can almost "guarantee an action will be heard in state court." *Id.* (citations and quotations omitted).  As the Supreme Court has consistently recognized, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  Moreover, a federal defense cannot be the basis for federal question jurisdiction "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Becker v. Ute Indian Tribe of the Uintah & Ouray Reserve*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

Here, Plaintiff's claims are based entirely on state negligence law.  Therefore, from the face of the amended petition, the claims are not based on federal law.  Defendant nevertheless raises two arguments: removal is proper because Plaintiff's claims are completely preempted by federal law and Plaintiff's claims raise a substantial federal question.  Both arguments fail.

**A. Complete Preemption**

Defendant claims that Plaintiff's negligence claim against it in its role as a broker is completely preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 108 Stat. 1605-06.  The Supreme Court explained the history of legislation with respect to the deregulation of trucking and the preemption of state trucking regulations as follows:

> In 1980, Congress deregulated trucking. *See* Motor Carrier Act of 1980, 94 Stat. 793.  And a little over a decade later, in 1994, Congress similarly sought to pre-empt state trucking regulation. *See* Federal Aviation Administration Authorization Act of 1994, 108 Stat. 1605–1606; *see also* ICC Termination Act of 1995, 109 Stat. 899. In doing so, it borrowed language from the Airline Deregulation Act of 1978 and wrote into its 1994 law language that says: "[A] State ... may not enact or

4

> enforce a law ... related to a price, route, or service of any motor carrier ...[or broker] with respect to the transportation of property." 49 U.S.C. § 14501(c)(1); *see also* § 41713(b)(4)(A) (similar provision for combined motor-air carriers).

*Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 368 (2008).

The statutory language quoted in *Rowe* comes from the section preempting state laws with respect to motor carriers *and* brokers. § 14501(c)(1). Similar to § 14501(c)(1), the immediately preceding provision, § 14501(b)(1), provides that "no State or political subdivision thereof and no intrastate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker." While § 14501(b)(1) expressly applies to "intrastate" services of a broker, § 14501(c)(1) does not limit its application and applies to both brokers and motor carriers. Notably, § 14501(c)(2) further provides that § 14501(c)(1) does not restrict the safety regulatory authority of a State with respect to motor vehicles.

Defendant spends much time arguing that § 14501(b)(1) is applicable here instead of § 14501(c)(1) because the route it hired Degollado for was an intrastate route. The court finds that it need not resolve this issue because Defendant has failed to show that either provision completely preempts state negligence law concerning brokers' acts in hiring motor carriers. Moreover, both provisions are substantively identical in that they prevent states from enforcing laws that are related to prices, routes, or services of a broker.[5]

Turning to the issue at bar, the court notes that ordinary or express preemption is not the same as the complete preemption doctrine, which is what is required to show that removal was

---

[5] The distinction between the two sections may be relevant to the question of whether Plaintiff's claim is expressly preempted by the statute. Because the court has determined that the claim is not completely preempted, however, the court need not resolve the question of express preemption.

appropriate here. *See Devon Energy*, 693 F.3d at 1203 n.4. There is no doubt that the preemption clauses contained in § 14501(b) and (c) expressly preempt certain state laws.[6] *See Rowe*, 552 U.S. at 375–76 (finding that a state law regulating delivery service procedures was preempted by the FAAAA). The fact that a federal statute may expressly preempt a state law, however, does not render a state-law claim removable to federal court. *Devon Energy,* 693 F.3d at 1203 n.4. Rather, it is an affirmative defense that may be invoked. *Id.* Complete preemption, by contrast, provides grounds for removal of an action to federal court. *Id.* at 1203 n.4, 1204.

> For complete preemption to exist, then, Congress must have manifested an intent for the federal statute to "wholly displace[ ]" the state-law cause of action. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004). So, complete preemption occurs only where "a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Devon Energy*, 693 F.3d at 1205.

*Christensen*, 242 F. Supp. 3d at 1190 (internal citations omitted).

The Supreme Court has only recognized complete preemption in three instances: "§ 301 of the Labor Management Relations Act of 1947 ("LMRA"), § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and actions for usury against national banks under the National Bank Act." *Devon Energy*, 693 F.3d at 1204–05 (citations omitted). While the Supreme Court has addressed whether certain laws are expressly preempted by the FAAAA, neither the Supreme Court nor the Tenth Circuit (or any circuit court for that matter) has addressed the complete preemption issue presented here. *See Rowe*, 552 U.S. at 375; *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 263 (2013) (finding that state law claims for damages stemming from the storage and disposal of a towed vehicle were not preempted by § 14501(c)(1)). Notably, the

---

[6] With respect to Plaintiff's claim against Defendant alleging negligent selection in a motor carrier, courts are split on whether such a claim is preempted by the FAAAA. *See, e.g. Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1264 (11th Cir. 2023) (finding that claim is preempted); *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1023 (9th Cir. 2020) (finding that claim is not preempted).

6

Supreme Court has "cautioned that § 14501(c)(1) does not preempt state laws affecting carrier prices, routes, and services 'in only a 'tenuous, remote, or peripheral ... manner.'" *Pelkey*, 569 U.S. at 261 (citing *Rowe*, 552 U.S., at 371).

To find that Plaintiff's claim is completely preempted by the FAAAA, the Tenth Circuit has instructed courts that it must answer the following two questions affirmatively: (1) does "the federal [statute] at issue preempt[ ] the state law relied on by the plaintiff"; and (2) did Congress intend to allow removal in this case "as manifested by the provision of a federal cause of action to enforce the" federal statute? *Devon Energy*, 693 F.3d at 1205. The court should start with the second question. *Id.* at 1206. Notably, Defendant does not address this standard in its brief.

In support of its position that Plaintiff's claim is completely preempted, Defendant almost exclusively relies on two cases from the Western District of Texas decided by the same judge, *Gillum v. High Standard, LLC, et al.*, Civil Action No. SA-19-CV-1378-XR (W.D. Tex. Jan. 27, 2020) and *Zamorano v. Zyna LLC, et al.*, Civil Action No. SA-20-00151-XR (W.D. Tex. May 11, 2020). (Doc. 19 at 11.) In *Gillum*, the court discussed both § 14501(b)(1) and (c)(1) and found that the plaintiff's negligent hiring claims against the defendant broker were completely preempted by the FAAAA. *Gillum*, 2020 WL 444371, at *6. While the court in *Gillum* discussed the complete preemption doctrine, the court's decision was based on an ordinary preemption analysis and courts have declined to find the decision persuasive on that basis. *See Est. of Wray by & through Wray v. Kennedy Bros. Logistics, Inc.*, No. 5:22-CV-70-FL, 2022 WL 16550315, at *4 (E.D.N.C. Oct. 31, 2022) ("*Gillum's* analysis, however, fails to distinguish between complete preemption and ordinary preemption, and draws upon ordinary preemption principles in its complete preemption analysis. Tellingly, the two Supreme Court cases on which it relies when outlining the complete preemption doctrine, *Rowe* [] and *Dan's City Used Cars, Inc*., 569 U.S. at

7

261, dealt with ordinary preemption in actions that were originally filed in federal court."); *Moyer v. Simbad LLC*, No. 2:20-CV-5405, 2021 WL 1215818, at *6 (S.D. Ohio Jan. 12, 2021); *Lyles v. Wren*, No. 2:23CV00051-JM, 2023 WL 3318695, at *3 (E.D. Ark. May 9, 2023).  Defendant cites to several other cases in its brief; however, none of those cases involved the question of complete preemption.  (*See* Doc. 19 at 11–12) (listing cases).  Rather, those cases dealt with ordinary preemption in actions in which the court's jurisdiction was not at issue and the court declines to address those cases.

Here, Defendant has failed to meet its burden to show that the FAAAA completely preempts Plaintiff's negligence claim involving motor carrier selection because it has not identified an FAAAA provision or regulation that gives Plaintiff a "federal cause of action sufficiently similar to their state-law claim[] to justify applying the complete preemption doctrine." *Christensen*, 242 F. Supp. 3d at 1191.  Simply put, Defendant has failed to show that Congress intended to "'displace the application of state tort law to personal physical injury inflicted' by brokers."  *See Lyles*, 2023 WL 3318695, at *4 (quoting *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir. 1995) (finding the Airline Deregulation Act, which tracks the FAAAA preemption clause, did not completely preempt state law)).  Moreover, the courts which have thoroughly addressed the complete preemption doctrine have found that the FAAAA did not completely preempt negligence claims.  *See, e.g., id.*; *Est. of Wray by & through Wray v. Kennedy Bros. Logistics, Inc.*, No. 5:22-CV-70-FL, 2022 WL 16550315, at *4 (E.D.N.C. Oct. 31, 2022) ("the statutory text of the FAAAA contains no clear Congressional intent to engulf the entire area of personal injury and wrongful death claims involving transportation brokers and motor carriers."); *Moyer v. Simbad LLC*, No. 2:20-CV-5405, 2021 WL 1215818, at *6 (S.D. Ohio Jan. 12, 2021) ("To that end, this Court finds that Greatwide has failed to identify 'clear congressional

intent' for the FAAAA to engulf the entire area of personal injury and wrongful death claims involving transportation brokers and motor carriers..."); *Morrison v. JSK Transp., Ltd.*, No. 20-CV-01053-JPG, 2021 WL 857343, at *4 (S.D. Ill. Mar. 8, 2021); *White v. Scotty's Contracting & Stone, LLC*, No. 1:21-CV-00161-GNS, 2022 WL 4588417, at *8–9 (W.D. Ky. Sept. 29, 2022).

Based on the arguments presented and the authority discussed herein, the court finds that Defendant has failed to establish that Congress intended to allow for removal in a case involving claims of broker negligence. Further, the statutory text of the FAAAA contains no clear Congressional intent to include claims involving personal injury as a result of broker negligence. Therefore, the complete preemption doctrine does not apply to this case.

**B. Substantial Federal Question**

Alternatively, Defendant argues that removal is proper under the substantial question test in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). The test applies when a plaintiff's "claim is pleaded under state law but invokes a substantial federal question such that the ostensible state-law claim can be considered to arise under federal law for jurisdictional purposes." *Robertson v. Big Blue Healthcare, Inc.*, 523 F. Supp. 3d 1271, 1286 (D. Kan. 2021) (citing *Becker*, 770 F.3d at 947). "[T]his branch of arising-under jurisdiction is a slim one" and requires a federal question to be an essential element of a plaintiff's claim. *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012). Under this test, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Here, while Defendant has cited the factors, Defendant makes little effort to demonstrate that Plaintiff's claim invokes a substantial federal question. Defendant argues that there is a

9

substantial federal question involved in Plaintiff's negligence claim because the standard of care is determined from the federal statute and/or regulation. (Doc. 11 at 5–6.) Notably, Plaintiff's complaint does not allege that Defendant violated a specific federal statute or regulation with respect to his claim regarding negligent selection of a motor carrier. (Doc. 11 at 7.) Moreover, even if Plaintiff made such a claim, this would not give rise to jurisdiction in this court under the substantial federal question doctrine. *See Colbert v. Union Pac. R. Co.*, 485 F. Supp. 2d 1236, 1246 (D. Kan. 2007) (citing *Grable*, 545 U.S. at 318–19). "[I]t is well settled that a claim for a violation of state law based upon a breach of a duty created by federal law does not present a substantial federal question for purposes of federal question jurisdiction." *Kurz v. Fid. Mgmt. & Rsch. Co.*, No. 07-CV-709-JPG, 2007 WL 3231423, at *4 (S.D. Ill. Oct. 30, 2007). As set forth in *Grable*, "[a] general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would ... herald [ ] a potentially enormous shift of traditionally state cases into federal courts." 545 U.S. at 319. Therefore, the fact that there might be evidence of a federal regulation to establish the standard of care is not sufficient to present a substantial federal question in this case. Notably, the only regulation Defendant points to in support of its argument is a section defining a broker. (Doc. 19 at 6.) Defendant fails to explain how this regulation identifies the standard of care or that there is a dispute pertaining to the regulation. Further, Defendant's affirmative defense of preemption is not sufficient to invoke this court's jurisdiction.

The court finds that Defendant has failed to establish that this court has jurisdiction under the substantial federal question doctrine.[7] Therefore, this case must be remanded to state court. In

---

[7] Defendant also argues that Plaintiff has invoked this court's jurisdiction by filing an amended complaint in this action. (Doc. 19 at 16–18.) Defendant's argument lacks merit. A party cannot "confer on federal courts subject-matter jurisdiction." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986).

10

doing so, the court does not determine whether the FAAAA preempts Plaintiff's claim against Defendant. That question is one for the state court and, therefore, Defendant's motion to dismiss (Doc. 14) remains pending. *See Christensen*, 242 F. Supp. 3d at 1193.

## IV. Conclusion

Plaintiff's motion to remand (Doc. 16) is GRANTED. The clerk is instructed to REMAND this action to the District Court of Grant County, Kansas.

IT IS SO ORDERED. Dated this 16th day of June, 2023.

                                                                                __s/ John W. Broomes__
                                                                                JOHN W. BROOMES
                                                                                UNITED STATES DISTRICT JUDGE